1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH R. LORDAN, SB# 265610
2    Email: Joseph.Lordan@lewisbrisbois.com
VINCENT R. FISHER, SB# 276334
3    Email: Vincent.Fisher@lewisbrisbois.com
333 Bush Street, Suite 1100
4  San Francisco, California 94104-2872
Telephone: 415.362.2580
5  Facsimile:  415.434.0882

6  Attorneys for Defendant FPI MANAGEMENT, INC.

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | TAMIERA GOLDEN, individually and on behalf of other aggrieved employees, | CASE NO. |
|---|---|
12 |                         Plaintiff, | **DEFENDANT FPI MANAGEMENT, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441 (a) AND 1331** |
13 |            vs. | |
14 | FPI MANAGEMENT, INC., and DOES 1 to 50, inclusive, | **[FEDERAL QUESTION JURISDICTION]** |
15 | | |
16 |                         Defendants. | |

17

18        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

19 NORTHERN DISTRICT OF CALIFORNIA:

20        **PLEASE TAKE NOTICE** that on December 16, 2021, Defendant FPI MANAGEMENT, INC.

21 ("Defendant"), filed this notice of removal on the bases of federal question jurisdiction pursuant to 28

22 U.S.C. § 1331, 28 U.S.C. § 1441(a), 28 U.S.C. § 1446, and 28 U.S.C. § 1367(a) as follows:

23        1.        On November 2, 2021, Plaintiff TAMIERA GOLDEN ("Plaintiff"), by and through her

24 attorneys, filed a civil action in the Superior Court of the State of California in and for the County of

25 Marin, entitled *Tamiera Golden, individually and on behalf of other aggrieved employees v. FPI*

26 *Management, Inc., and Does 1 to 50, inclusive*, Case No. CIV2103681.

27 / / /

28 / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**REMOVAL IS TIMELY**

1.      Defendant first received a copy of the complaint via personal service on November 16, 2021. This Notice of Removal is filed within thirty (30) days of service upon Defendant of the lawsuit; therefore, the Notice is timely pursuant to 28 U.S.C. § 1446(b). *See Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67 (1st Cir. 2014); *See Chavarria v. Mgmt. & Training Corp.*, No. 16-cv-617-H (RBB), 2016 U.S. Dist. LEXIS 197047, at *6 (S.D. Cal. May 13, 2016) (indicating first 30-day-time-period is triggered if the basis of removal is clear from initial pleading).

**PLEADINGS RELATED TO REMOVED CASE**

2.      True and correct copies of the original Summons and Complaint, and the Marin County Superior Court Register of Action showing service of the Summons was completed on November 16, 2021, are attached as **Exhibit A**.

3.      On December 16, 2021, Defendant filed with the Marin County Superior Court an Answer to the Complaint.  A true and correct copy of the Answer is attached as **Exhibit B**.

**VENUE IS PROPER IN THIS COURT**

4.      Removal to the United States District Court for the Northern District of California is proper because the state action was filed in the Superior Court of the State of California for the County of Marin. Accordingly, this Court is the appropriate venue for filing this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a).

**JURISDICTIONAL BASIS FOR REMOVAL-FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION**

5.      District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. The instance in which "a case arises under federal law" is "when federal law creates the cause of action asserted." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013).

6.      Plaintiff's Complaint seeks to allege multiple causes of action arising out of her employment. Further, Plaintiff's Complaint includes a cause of action for Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. §§ 207(a) and 216(b)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

7.      Where a complaint alleges causes of action under both federal and state law, district courts have supplemental jurisdiction over the state law claims where the state law claims are so related to the federal law claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367. "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

8.      Accordingly, Defendant is entitled to remove this action to this Court under 28 U.S.C. § 1441 as this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**WHEREFORE**, Defendant respectfully prays that this Notice of Removal be deemed good and sufficient, and that Case No. CIV2103681 be removed from the Superior Court of California, County of Marin, to the docket of this Honorable Court.

DATED: December 16, 2021                LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Vincent R. Fisher*
Joseph R. Lordan
Vincent R. Fisher
Attorneys for Defendant FPI MANAGEMENT, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT A



**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*   **BY FAX**

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FPI MANAGEMENT, INC.; and DOES 1 to 50, inclusive

FILED

NOV 02 2021

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TAMIERA GOLDEN, individually and on behalf of other aggrieved employees

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Marin County Superior Court

| | CASE NUMBER:<br>*(Número del Caso):* | CIV 2103681 |
|---|---|---|

3501 Civic Center Drive, San Rafael, California 94903

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ben Rothman, Esq.; 10100 Venice Blvd., Culver City, CA 90232; (310) 717-0539.

| DATE:<br>*(Fecha)* NOV 0 2 2021 | Clerk, by<br>*(Secretario)* JAMES M. KIM, J. CHEN | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **FPI Management, Inc.**

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

COPY

COPY

1  Ben Rothman, Esq. (SBN 265472)
**LAW OFFICE OF BEN ROTHMAN**
2  10100 Venice Blvd.
Culver City, CA 90232
3  Tel:    (310) 717-0539
Fax:    (310) 919-3777
4  e-mail: ben@santamonicainjurylawyer.com

5  Attorney for Plaintiff,
TAMIERA GOLDEN

FILED

NOV 02 2021

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

6

7

8                 **SUPERIOR COURT OF CALIFORNIA**

9                         **COUNTY OF MARIN**

10

11  TAMIERA GOLDEN, individually and on     Case No.:  Civ 2103681 -
behalf of other aggrieved employees,
12                                                         **COMPLAINT AND DEMAND FOR**
                                                                   **JURY TRIAL**
13          Plaintiff,

14                                              1. Failure to Pay Minimum Wage

15          v.                                  2. Failure to Pay Overtime Wages in
                                                   Violation of California Law
16  FPI MANAGEMENT, INC.; and DOES 1 to 50,
inclusive,                                  3. Failure to Pay Overtime Wages in
17                                                 Violation of the FLSA
            Defendants.
18                                              4. Failure to Provide Accurate Wage
19                                                 Statements

20                                              5. Failure to Reimburse Expenses

21                                              6. Failure to Pay Final Wages

22                                              7. Unfair Business Practices
23
24                                              8. Recovery of Civil Penalties (PAGA)
25

26

27

28

            **COMPLAINT AND DEMAND FOR JURY TRIAL**
                              1

BY FAX

## THE PARTIES

1.      Plaintiff Tamiera Golden was, at all times relevant herein, an individual residing in the County of Solano, State of California.

2.      Defendant FPI Management, Inc. (hereinafter at times "FPI") is, and all times relevant herein was, an entity incorporated in the State of California and doing business in the County of Marin, State of California.

3.      Plaintiff is ignorant of the true names and capacities of defendants Does 1 to 50 and therefore sues them by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities once Plaintiff ascertains them.

4.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Does 1 to 50 were the agents, employees, servants, partners, joint venturers, affiliates, parents, sisters, or subsidiaries of the other defendants.

5.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Does 1 to 50 acted within the course and scope of their agency, employment, service, partnership, joint venture, affiliation, or other relationship with the other defendants.

6.      Plaintiff is informed and believes, and thereon alleges, that Does 1 to 50 are liable for the torts, wage and hour violations, unlawful employment practices, and other wrongs that Plaintiff alleges herein and that such defendants proximately caused Plaintiff's damages.

## VENUE

7.      Venue in the County of Marin is proper because at least one defendant resides or does business there.

## GENERAL ALLEGATIONS

8.      FPI owned and/or operated apartment buildings at all times herein. FPI hired Plaintiff in or around March 2019 to work as a Community Director of Sommerhill Townhomes, an apartment complex located in the city of San Rafael. FPI paid her over $20 per hour by the end of her employment in or around May 2021.

///
///

**FPI Fails to Pay Plaintiff for On-Call Time or Overtime**

9. FPI required Plaintiff to remain on call from home (which was off-site) long after her clock-out time. FPI required her to wait for and respond to emergency calls from home during on-call time. FPI failed to provide her a means of clocking in when she was on call or not scheduled to work. FPI failed to pay her minimum wage for on-call or off-the-clock work.

10. Tenants of Sommerhill Townhomes called Plaintiff incessantly after she clocked out. The tenants' calls were about everything from gas leaks to break-ins. Plaintiff would then drive from her home in Vallejo to Sommerhill Townhomes to respond to the emergency. FPI failed to pay her for at least two hours of reporting time at her regular rate of pay.

11. FPI employed Plaintiff on call over eight hours in one workday by the time she reported for her regularly scheduled shift. FPI then employed her over eight hours during her regularly scheduled shift. FPI failed to pay for her regularly scheduled shift at one and one-half or two times her regular rate of pay and instead paid her at her straight-time rate.

**FPI Fails to Reimburse Plaintiff for Mileage**

12. FPI knew Plaintiff used her personal vehicle to commute between her Solano County residence and Sommerhill Townhomes and between her residence and FPI-managed apartment complexes in Alameda County whenever she had to report for work for the second time in the same workday.

13. FPI failed to reimburse Plaintiff for all mileage she incurred during her travel time between her residence and FPI-managed properties. For example, FPI failed to provide her a gas card, failed to pay her a stipend for gas, and failed to reimburse her at the IRS standard business mileage reimbursement rates.

**FPI Fails to Provide Plaintiff Accurate Wage Statements**

14. FPI failed, either semimonthly or each time they paid Plaintiff's wages, to furnish her with wage statements that completely and accurately showed the total number of hours she worked during each pay period. She could not promptly and readily determine such information from the wage statements alone.

///

**COMPLAINT AND DEMAND FOR JURY TRIAL**

3

15. FPI's failure to furnish Plaintiff with complete and accurate wage statements was knowing and intentional. FPI intentionally failed to count her on-call hours as work and failed to even record such hours in the first place. FPI then furnished her with wage statements that did not include all such on-call hours in the total hours worked.

**FPI Fails to Pay Plaintiff All Final Wages**

16. Plaintiff resigned from FPI in or around May 2021. Her final wages came due and payable within 72 hours of resignation. FPI failed to pay her any earned but unpaid wages for controlled standby, reporting time pay, or overtime within 72 hours of her resignation, within 33 days of her resignation, or at any other time.

17. FPI's failure to pay Plaintiff all such final wages was willful. FPI intentionally failed to pay her for on-call time, reporting time, and overtime throughout her employment (a period of over two years). FPI intentionally failed to even record her on-call time, or anyone else's on-call time, for that matter.

**Plaintiff Exhausted Administrative Remedies Under PAGA**

18. FPI employed hundreds of other similarly aggrieved employees during FPI's employment of Plaintiff. Such employees were non-exempt California apartment managers who did not live on site. Moreover, such employees had no way to clock back in once their shifts ended, and/or clocking back in was an unduly difficult process.

19. FPI failed to pay Plaintiff and all other non-exempt apartment managers for on-call time, reporting to work for the second time in one day, answering phone calls while they were off-the-clock, and calling out others to the property and working with them and failed to pay them the correct rates for their regularly scheduled shifts.

20. Plaintiff mailed FPI a notice of her intent to seek civil penalties on behalf of herself and aggrieved employees for violations of Labor Code sections 204, 210, 215, 216, 226, 226.3, 226.4, 226.6, 510, 512, 516, 1194, 1194.2, and 1197.1 under the Labor Code Private Attorneys General Act (PAGA). Said PAGA notice is attached hereto as **Exhibit A** and incorporated herein.

21. Plaintiff sent her PAGA notice by certified mail to FPI's principal executive office/principal business office, which is, and at all times relevant herein was, located at 800 Iron

Point Road, Folsom, California 95630. The United States Postal Service delivered the PAGA notice to FPI at said address on or around July 2, 2021.

22.     Plaintiff electronically filed the aforementioned notice with the Labor & Workforce Development Agency (LWDA) on or around June 28, 2021. More than 65 days have passed since she filed the notice. The LWDA did not notify her that it would or would not investigate any of the violations that she described in the notice.

### FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wage – Lab. Code §§1194 & 1194.2

### (Against All Defendants)

23.     Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

24.     Defendants employed Plaintiff by engaging her to work, suffering and permitting her to work, and/or exercising control over her wages, hours, and/or working conditions.

25.     Defendants failed to pay Plaintiff the applicable California minimum wage rates for all hours of on-call time and reporting time.

26.     Wherefore, Plaintiff seeks all unpaid minimum wages (plus interest), liquidated damages, reasonable attorney's fees and costs, and Labor Code section 1197.1 remedies.

### SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages in Violation of California Law – Lab. Code §1194(a)

### (Against All Defendants)

27.     Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

28.     Defendants employed Plaintiff by engaging her to work, suffering and permitting her to work, and/or exercising control over her wages, hours, and/or working conditions.

29.     Defendants failed to pay Plaintiff overtime as follows:

a.     Defendants failed to pay Plaintiff one and one-half times her regular rate of pay for all work in excess of eight hours in one workday.

///

**COMPLAINT AND DEMAND FOR JURY TRIAL**

       b.     Defendants failed to pay Plaintiff one and one-half times her regular rate of pay for all work in excess of 40 hours in one workweek.

       c.     Defendants failed to pay Plaintiff twice her regular rate of pay for all work in excess of 12 hours in one workday.

30.    Wherefore, Plaintiff seeks all unpaid overtime wage compensation (plus interest) and reasonable attorney's fees and costs, plus Labor Code section 1197.1 remedies.

## THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA – 29 U.S.C. §§207(a) & 216(b)**

**(Against All Defendants)**

31.    Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

32.    The Fair Labor Standards Act (FLSA) covered Defendants in that they employed at least two individuals and had an annual dollar volume of sales or business of at least $500,000.

33.    Defendants employed Plaintiff by hiring and supervising her, determining her pay, maintaining her records, and otherwise exercising control over day-to-day operations.

34.    Defendants willfully failed to pay Plaintiff one and one-half times her regular rate of pay for all work in excess of 40 hours in one workweek.

35.    Wherefore, Plaintiff seeks all unpaid overtime wage compensation (plus interest) and liquidated damages equal thereto, plus reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION

**Failure to Provide Accurate Wage Statements – Lab. Code §226(a)**

**(Against All Defendants)**

36.    Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

37.    Defendants employed Plaintiff by engaging her to work, suffering and permitting her to work, and/or exercising control over her wages, hours, and/or working conditions.

38.    Defendants failed to furnish Plaintiff with wage statements that accurately and completely showed all hours of on-call time each pay period.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

39. Defendants' failure to furnish Plaintiff with accurate and complete wage statements was knowing and intentional.

40. Plaintiff could not promptly and easily determine all hours of on-call time from the wage statements alone.

41. Defendants' knowing and intentional failure to provide Plaintiff with accurate and complete wage statements caused injury.

42. Wherefore, Plaintiff seeks actual damages or statutory penalties of up to $4,000 (whichever is greater), plus costs and reasonable attorney's fees.

### FIFTH CAUSE OF ACTION

### Failure to Reimburse Expenses – Lab. Code. §2802

### (Against All Defendants)

43. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

44. Plaintiff used her personal vehicle and thus incurred mileage and other expenditures and losses in direct consequence of the discharge of her duties to Defendants.

45. Defendants failed to reimburse Plaintiff for all mileage and other such reasonable and necessary expenditures.

46. Wherefore, Plaintiff seeks reimbursement of all such expenditures, plus reasonable attorney's fees and costs.

### SIXTH CAUSE OF ACTION

### Failure to Pay Final Wages – Lab. Code §203

### (Against All Defendants)

47. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

48. Defendants employed Plaintiff by hiring and supervising her, determining her pay, maintaining her records, and otherwise exercising control over day-to-day operations.

49. Defendants willfully failed to pay Plaintiff all earned but unpaid wages for on-call time, reporting time, and overtime within 72 hours of her resignation in May 2021.

50.     Wherefore, Plaintiff seeks waiting-time penalties equal to her daily rate of pay for each day that Defendants willfully failed to pay all final wages, up to 30 calendar days.

### SEVENTH CAUSE OF ACTION

**Unfair, Unlawful, and/or Fraudulent Business Practices – Bus. & Prof. Code §17200**

**(Against All Defendants)**

51.     Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

52.     Defendants committed the following unfair, unlawful, and/or fraudulent business acts and practices against Plaintiff:

   a.     Defendants violated Wage Order 5, section 5 by failing to pay Plaintiff at least two hours of pay at her regular rate on days when she reported to work a second time but received less than two hours of work.

   b.     Defendants violated Labor Code sections 1182.12 and 1197 and Wage Order 5, section 4(A) by failing to pay Plaintiff the California minimum wage for each hour of controlled standby/on-call time.

   c.     Defendants violated Labor Code sections 510 and 1194(a) and Wage Order 5, section 3(A)(1)(a) by failing to pay Plaintiff one and one-half times her regular rate for all work in excess of eight hours in one workday.

   d.     Defendants violated Labor Code sections 510 and 1194(a) and Wage Order 5, section 3(A)(1)(b) by failing to pay Plaintiff twice her regular rate for all work in excess of 12 hours in one workday.

   e.     Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., by failing to pay Plaintiff one and one-half times her regular rate for all work in excess of 40 hours in one workweek.

53.     Defendants enriched themselves at Plaintiff's expense by committing the aforementioned unfair, unlawful, and/or fraudulent business practices.

54.     Wherefore, Plaintiff seeks restitution equal to her unpaid wages for on-call time, reporting time, and overtime.

### EIGHTH CAUSE OF ACTION

**Recovery of Civil Penalties (PAGA) – Lab. Code §2698 et al.**

**(Against All Defendants)**

55. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

56. Plaintiff exhausted administrative remedies under PAGA as follows:

    a. Plaintiff mailed FPI a notice of its violations of Labor Code sections 204, 210, 215, 216, 226.3, 226.4, and 226.6, based on underlying violations of sections 226, 510, 512, 516, 1194, 1194.2, and 1197.1.

    b. Plaintiff's notice informed FPI that she intended to seek civil penalties on her own behalf and on behalf of aggrieved employees for the violation of the aforementioned Labor Code provisions under PAGA.

    c. The LWDA did not notify Plaintiff within 65 days of her June 28, 2021 electronic filing of the aforementioned notice that it would or would not investigate any of the violations she described therein.

57. Wherefore, Plaintiff seeks civil penalties for violations of Labor Code sections 204, 210, 215, 216, 226, 226.3, 226.4, 226.6, 510, 512, 516, 1194, 1194.2, and 1197.1.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**As to the First Cause of Action**

1. For no less than $50,000 in unpaid minimum wages. (Lab. Code §1194(a).)

2. For no less than $50,000 in liquidated damages. (Lab. Code §1194.2(a).)

3. For reasonable attorney's fees and costs. (Lab. Code §1194(a).)

4. For interest at the maximum legal rate of 10% per annum. (Lab. Code §218.6.)

**As to the Second Cause of Action**

5. For no less than $50,000 in unpaid overtime wages. (Lab. Code §1194(a).)

6. For reasonable attorney's fees and costs. (Lab. Code §1194(a).)

7. For interest at the maximum legal rate of 10% per annum. (Lab. Code §218.6.)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

9

**As to the Third Cause of Action**

8. For no less than $50,000 in unpaid weekly overtime wages. (29 U.S.C. §207(a).)

9. For no less than $50,000 in liquidated damages. (29 U.S.C. §216(b).)

10. For reasonable attorney's fees and costs. (29 U.S.C. §216(b).)

**As to the Fourth Cause of Action**

11. For no less than $4,000 in actual damages. (Lab. Code §226(e)(1).)

12. For reasonable attorney's fees and costs. (Lab. Code §226(e)(1).)

**As to the Fifth Cause of Action**

13. For no less than $10,000 in unreimbursed expenses. (Lab. Code §2802(a).)

14. For interest at the maximum legal rate. (Lab. Code §2802(b).)

15. For reasonable attorney's fees and costs. (Lab. Code §2802(c).)

**As to the Sixth Cause of Action**

16. For $7,500 in waiting-time penalties, i.e., 30 days of waiting-time penalties at Plaintiff's average daily rate. (Lab. Code §203(a).)

**As to the Seventh Cause of Action**

17. For no less than $120,000 in restitution. (Bus. & Prof. Code §17203.)

**As to the Eighth Cause of Action**

18. For violations of Labor Code section 204(a), a civil penalty as follows:

    a. For any initial violation, a $100 for each failure to pay each employee. (Lab. Code §210(a)(1).)

    b. For each subsequent violation, $200 for each failure to pay each employee, plus 25% of the amount Defendants unlawfully withheld. (Lab. Code §210(a)(2).)

    c. For any willful or intentional violation, $200 for each failure to pay each employee, plus 25% of the amount Defendants unlawfully withheld. (Lab. Code §210(a)(2).)

///

///

19. For violations of Labor Code section 226(a), a civil penalty as follows:

 a.  $250 per employee per violation in an initial citation for each failure to provide wage deduction statements or keep the records Labor Code section 226(a) requires. (Lab. Code §226.3.)

 b.  $1,000 per employee for each violation in a subsequent citation for each failure to provide wage deduction statements or keep the records Labor Code section 226(a) requires. (Lab. Code §226.3.)

 c.  $1,000 for Defendants' knowing and intentional violation of any provision of Labor Code section 226. (Lab. Code §226.6.)

 d.  $1,000 for the knowing and intentional participation or aid in a violation of Labor Code section 226 by any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee. (Lab. Code §226.6.)

20. For violations of Labor Code sections 215, 510, 512, 1194, and 1194.2 and all other Labor Code provisions that do not specify a civil penalty, a default civil penalty as follows:

 a.  $100 for each aggrieved employee per pay period for each initial violation. (Lab. Code §2699(f)(2).)

 b.  $200 for each aggrieved employee per pay period for each subsequent violation. (Lab. Code §2699(f)(2).)

21. For violations of Labor Code section 1197.1, a civil penalty as follows:

 a.  For any intentional initial violation, $100 for each underpaid employee for each pay period for which Defendants underpaid the employee.

 b.  For each subsequent violation, $250 for each underpaid employee for each pay period for which Defendants underpaid the employee.

22. For reasonable costs (including the $75 fee for electronically filing the PAGA notice attached hereto as Exhibit A) and attorney's fees. (Lab. Code §2699(g)(1).)

23. For attorney fees and costs. (Lab. Code §2699(g).)

///

**COMPLAINT AND DEMAND FOR JURY TRIAL**

11

**As to All Causes of Action**

24. For costs of suit.

25. For pre-judgment interest to the maximum extent that the law allows.

26. For such other and further relief as the Court may deem proper.

Date: November 1, 2021                    **LAW OFFICE OF BEN ROTHMAN**

Ben Rothman, Esq.
Attorney for Plaintiff,
TAMIERA GOLDEN

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

Date: November 1, 2021                    **LAW OFFICE OF BEN ROTHMAN**

Ben Rothman, Esq.
Attorney for Plaintiff,
TAMIERA GOLDEN

# EXHIBIT A



State of California
## Labor and Workforce Development Agency / Department of Industrial Relations

Private Attorneys General Act (PAGA) – Filing

## New PAGA Claim Notice

---
**Your Information (Person Who Is Filing)**

**Your First Name ***
Karl

**Your Last Name ***
Gerber

**Firm Name (if any) ***
Karl Gerber
(Enter "in pro per" if you are representing yourself)

**Your Email Address ***
emplawyersgroupla@gmai

**Your Street Name, Number and Suite/Apt ***
13418 Ventura Boulevard

**Your Mobile Phone Number**
8187837300

**Your City ***
Sherman Oaks

**Your Work Phone Number**

**Your State ***
California

**Your Zip/Postal Code ***
91423

---
**Plaintiff Information**

**Plaintiff/Aggrieved Employee Name ***
Tamiera Golden & Kizzy Hamilton

**Plaintiff/Aggrieved Employee Occupation ***
Nonexempt apartment management

Add Additional Plaintiffs

---
**Employer Information**

**Employer Entity Type**
Corporation

**Employer Name ***
FPI Management, Inc.
Maximum 80 Character Limit

**Employer Street Name, Number and Suite/Apt**
800 IRON POINT ROAD

**Employer City**
Folsom

Employer State

California ⌄

Employer Zip/Postal Code

95630

Employer Industry *

Other ⌄

Employer Industry for "Other" *

Other

This field is required.

---

⌐ **Add additional defendants** ────────────────────────────

☐ Add any entity other than an individual

☐ Add an individual/sole proprietor employer

---

⌐ Notice General Information ────────────────────────────

Estimated Number of Employees Impacted by Violations *

.300

Notice Violations – Check All that Apply *

☐ Child Labor

☐ Misclassification Employee Classified as Contractor

☐ Misclassification NonExempt Classified as Exempt

☑ Minimum Wage

☑ Overtime

☑ Not paid for all hours worked

☑ Not paid wages due on termination

☑ Other Unpaid Wages

☐ Tips or Gratuities

☐ Payment or Reimbursement of Employee Expenses

☐ Improper Form of Payment Including NSF Checks

☐ Kickbacks

☐ Meal and Rest Breaks

☐ Sick Leave

☐ Lactation Accommodation (Labor Code 1030–1033)

☐ Not providing required time off, other

☐ Pay Discrimination on basis of sex, (Labor Code 1197.5)

☐ No Wage Statements

☐ Improper or Incomplete Wage Statements

☐ Other Notice or Posting or Recordkeeping

☐ Public Works (Labor Code 1720 – 1815)

☐ Apprenticeship (Labor Code 3070 – 3098)

☐ Occupational Safety and Health (Labor Code 6300 et seq)

☐ No Workers' Compensation

☐ Licensing, Registration, or Permit

☐ Unfair Immigration Activities

☐ Agricultural Labor Relations

☐ Industrial Homework

☐ Retaliation for Protected Status or Activity (Specify)

☑ Other

Provide Details of Other Violation *

Reporting Time Pay Under Wage Order 5

Other(Maybe Multiple)

☐ Other Violation

Child Labor – Specify Ages

emplawyersgroupla@gmail.com

PAGA Claim Type – Check All that Apply *

☑ Notice asserts one or more Labor Code violations listed in Labor Code 2699.5– not curable subject to 2699.3(a)

☐ Notice asserts one or more OSHA violations subject to requirements of 2699.3(b)

☑ Includes one or more violations not listed in Labor Code 2699.5 – curable subject to 2699.3(c)

---

**Filing Fee**

A filing fee of $75 is required to file a new PAGA claim notice.

IFP

☐ I wish to claim In Forma Pauperis and am attaching a Confidential Request to Waive Court Fees (Judicial Council Court Form FW-001) or similar form to this submission.

**Billing information**

Billing First Name *          Billing Last Name *          Billing Email *

Billing Phone

RE DACTED

Billing Street Name, Number and Suite/Apt *

Billing City *          Billing State *          Billing Zip/Postal Code *

Sheman Oaks          California

Credit Card Type *    Credit Card Number *

CVV Number *          Credit Card Expiration Month *          Credit Card Expiration Year *

mm          yyyy

---

**Notice and Other Attachments**

PAGA Claim Notice (must be a .pdf) *

[Choose File] golden.fpi.pdf

Other Attachment – (if any) (must be a .pdf)

[Choose File] No file chosen

<u>Add Another Attachment</u>

Should you have questions regarding this online form, please contact PAGAinfo@dir.ca.gov

IMPORTANT NOTICE OF REDACTION RESPONSIBILITY: All filers must redact: Social Security or taxpayer identification numbers; personal addresses, personal telephone numbers, personal email addresses, dates of birth; names of minor children; & financial account numbers. This requirement applies to all documents, including attachments.

☑ I understand that, if I file, I must comply with the redaction rules consistent with this notice.

Previous Page      Submit

KIZZY HAMILTON is, and TAMIERA GOLDEN was a community director for Defendant which is an hourly, nonexempt position paying less than twice minimum wage and being the lowest level of apartment manager for an apartment management company. They did not have sufficient independent discretion and judgment to make them exempt even if they were paid twice minimum wage. They and the similarly situated California employees of FPI Management, Inc. were expected to and did answer telephone calls when they were off-the-clock. They had no means of clocking back in once their shifts ended and/or it was an unduly difficult process subject to scorn. They were not paid for the time spent answering after hour telephone calls, going onto the property if need be including their second commute in for the day, calling out others and working with them until the problem was resolved. Golden lived off premises and was not paid half her normal number of hours per shift when she had to report back to work as is the case with many of the people in this PAGA group thereby violating rules about reporting pay.

The illegal policy at issue creates violations of the underlying California Labor Code Sections, 226, 510, 512, 516, 1194, and 1194.2, and 1197.1.

The following California Labor Codes, for which 2699.3 penalties should be assessed for the benefit of all similarly aggrieved employees include:

a. California Labor Code Sections 226.3, 226.4, and 226.6 were violated because the employer failed to properly provide employee wage deduction statements for each pay period during the statutory time by not correctly reporting the number of hours worked or the applicable rates of pay;

b. Because not all wages were paid, California Labor Code Sections 204, 210, 215, and 216 were violated;

c. To the extent to which California Labor Code Section 1197.1 penalties can only be had through California Labor Code Section 2699, there are 1197.1 penalties because less than minimum wage was paid for the time the Paga group had to wait to be called to work while on-call, or serviced the call by staying on the phone or reporting in.

The above 8 PAGA violations per pay period are worth $1,600.00 in PAGA penalties per employee, per pay period. These violations go back a year before this charge was filed, and actually many more than four years. There hundreds of employees in the PAGA group exhausted here.

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Ben Rothman, Esq. (SBN 265472)
10100 Venice Blvd.
Culver City, CA 90232

TELEPHONE NO.: (310) 717-0539   FAX NO. *(Optional):* (310) 919-3777
ATTORNEY FOR *(Name):* Plaintiff, Tamiera Golden

COPY
FOR COURT USE ONLY

RECEIVED
NOV 02 2021
MARIN COUNTY
SUPERIOR COURT

BY FAX

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN**
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: Hall of Justice

CASE NAME:
Golden v. FPI Management, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **2103681** |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: ANDREW E. SWEET  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 2, 2021

Ben Rothman, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**MARIN COUNTY SUPERIOR COURT**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988
(415) 444-7040



**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATIONAL NOTICE**
(California Rule of Court 3.221)

**The plaintiff <u>must</u> serve a copy of this notice with the complaint on all parties to this case.**

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial.  Using ADR may have a variety of benefits, depending on the type of ADR process used and the  circumstances of the particular case.

## ADVANTAGES OF ADR

**Save Time**

A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money**

When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome**

In ADR, parties typically play a greater role in shaping both the process and its outcome.  In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial.  Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial.  Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships**

ADR can be a less adversarial way to resolve a dispute.  For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction**

In a trial, there is typically a winner and a loser.  The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome.  ADR can help the parties find win-win solutions and achieve their real goals.  This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

## DISADVANTAGES OF ADR

If the case is resolved using ADR, the parties forgo their right to a public trial and they do not receive a decision by a judge or jury. If the case is not resolved using ADR and it proceeds to trial, the overall costs of the case may increase.

## TYPES OF ADR

### Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Settlement Conferences

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

## LOCAL ADR PROGRAMS

For a Directory of Mediators and Arbitrators or information about the Modest Means Mediation Program, contact the Marin County Bar Association (MCBA) by calling (415) 499-1314 or emailing *info@marinbar.org*. Additional information is also available on the MCBA website: *www.marinbar.org*.

## STIPULATION TO USE ADR

If all parties in the action agree to participate in ADR, a *Stipulation to Use Alternative Dispute Resolution Process (CV002)* may be filed with the court. This form is available at *www.marincourt.org* or in the Clerk's Office.

**Please note, <u>you are required to complete and submit the *Notice of Settlement of Entire Case (Judicial Council Form CM-200)* within 10 days of the resolution of your case.</u>**

## MARIN COUNTY SUPERIOR COURT
P.O. Box 4988
San Rafael, CA 94913-4988

| | |
|---|---|
| PLAINTIFF: *Golden* | CASE NO. *CIV2103681* |
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: *FPI Management, Inc* | (Pursuant to Government Code Section 68600 et seq.) |

*Pursuant to Local Rule 1.3, the plaintiff must serve a copy of this Notice of Case Management Conference, a blank Case Management Statement (Judicial Council Form CM-110), a blank Notice of Settlement of Entire Case (Judicial Council Form CM-200), and an Alternative Dispute Resolution (ADR) Informational Notice (CV006) together with the complaint on all parties.*

This case is assigned for all purposes to Judge ____ANDREW E. SWEET____ in Courtroom ____E____.

1. The parties/counsel to this action shall comply with the filing and service deadlines in Local Rule 1.5 and California Rule of Court 3.110, or appear at the Order to Show Cause hearing on the dates set forth below:

    Failure to File Proof of Service ____/____/____ 8:30 / 9:00 A.M.

    Failure to Answer ____/____/____ 8:30 / 9:00 A.M.

2. Parties must appear for Case Management Conference on *2/22/22* 8:30 / 9:00 A.M.

3. The parties must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the Case Management Conference** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed with the court and served on all parties <u>at least 15 calendar days</u> before the Case Management Conference. **(Late filing may result in the issuance of sanctions.)**

*Distribution:  Original - Court File;  Canary - Plaintiff*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN**

| | | |
|---|---|---|
| TAMIERA GOLDEN | DATE FILED: | 11/2/2021 |
|     PLAINTIFF(s) | CASE TYPE: | COMPLAINT |
|     VS. | CASE SUBTYPE: | MISCELLANEOUS/OTHER |
| FPI MANAGEMENT, INC. | DATE OF LAST ACTIVITY: | 12/6/2021 |
|     DEFENDANT(s) | DATE/TIME RUN: | 12/16/2021 03:21 PM |
| REGISTER OF ACTIONS | CASE NUMBER: | CIV 2103681 |

INVOLVED PERSON/PARTY AND ATTORNEY SUMMARY:

      GOLDEN, TAMIERA  is the PLAINTIFF and is represented by: ROTHMAN, BEN

      FPI MANAGEMENT, INC. is the DEFENDANT and is represented by: RANEN, JEFFREY S.

REGISTER OF ACTIONS:

| | |
|---|---|
| 11/02/2021 | CASE OPEN / ACTIVE STATUS HON ANDREW E SWEET |
| 11/02/2021 | CASE MARKED AS SAMPLE |
| 11/02/2021 | FILING FEE PROCESSED: PLTF, TAMIERA GOLDEN - 435.00 |
| 11/02/2021 | COMPLAINT/FIRST PAPER FAILURE TO PAY MINIMUM WAGE, FAILURE TO PAY OVERTIME WAGES, FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS, FAILURE TO REIMBURSE EXPENSES, FAILURE TO PAY FINAL WAGES, UNFAIR BUSINESS PRACTICES |
| 11/02/2021 | SUMMONS ISSUED |
| 11/30/2021 | HEARING CONFIRMED FOR: 03/22/2022 AT: 09:00 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: D14 |
| 11/30/2021 | PROOF OF SERVICE FILED, AS TO: DEFT, FPI MANAGEMENT, INC. BY PERSONAL SERVICE ON 11/16/2021, PERSON SERVED MIKE WATEMBACH  -  REGISTERED AGENT |
| 12/06/2021 | NOTICE OF RELATED CASE BY ATTORNEY JEFFREY RANEN ON BEHALF OF DEFENDANT FPI MANAGEMENT, INC. RELATED CASE IS ERENDIRA VALLEJO V. FPI MANAGEMENT , INC. CASE NUMBER 21STCV23587 SUPERIOR COURT COUNTY OF LOS ANGELES |

Disclaimer: This Register of Actions is not an official court record.  For an official and/or certified record, visitors must obtain it from the Court.

**CERTIFICATE OF SERVICE**
*Tamiera Golden v. FPI Management, Inc., et al.*
USDC-ND, San Francisco Division, Case No.

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On December 16, 2021, I served the following document:

**DEFENDANT FPI MANAGEMENT, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441 (a) AND 1331**

I served the document on the following person at the following address (including a fax number and email address, if applicable):

| | |
|---|---|
| Ben Rothman, Esq.<br>Law Office of Ben Rothman<br>10100 Venice Boulevard<br>Culver City, CA 90232<br>**Attorneys for Plaintiff Tamiera Golden** | Tel: 310.717.0539<br>Fax: 310.919.3777<br>Email: ben@santamonicainjurylawyer.com |

The document was served by the following means:

☒ **(BY COURT'S CM/ECF SYSTEM)** The document was served by CM/ECF (excluding those not registered for CM/ECF who were served by mail or email, if applicable).

☒ **(ONLY BY ELECTRONIC TRANSMISSION)** Only by emailing the document to the person at the email address listed based on notice provided on March 17, 2020, that during the Coronavirus (Covid-19) pandemic, this office will be working remotely as much as possible and will not be able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 16, 2021

*/s/ Monica B. Pena*
Monica B. Pena

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4871-8114-4326.2

**CERTIFICATE OF SERVICE**